UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| RICKY JONES, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 6:09-CV-7082-DCR<br>No. 6:04-CR-70-DCR<br><br>RECOMMENDED DISPOSITION |

\*\*\* \*\*\* \*\*\* \*\*\*

Pro Se Movant Ricky Jones filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See* DE #35 (Pro Se Motion). Upon initial review, per Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court perceived the motion to be time-barred, with no evident basis for equitable tolling on the record. *See* DE #36 (Order). The Court provided Movant an opportunity to show why his Motion should not be dismissed as untimely, *see id.*, and he responded with additional information. *See* DE #38 (Pro Se Response). Jones's response offered no challenge to the Court's timeliness calculation and solely provided information that he believes would support equitable tolling. *See id.*

At this time, upon review of the full information, the Court **RECOMMENDS** that Jones's Motion be **DISMISSED** as time-barred.

**I. BACKGROUND**

In September 2004, Movant faced one count of possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and one forfeiture count. *See* DE #9 (Indictment). On

1

December 6, 2004, Jones pled guilty to the first count. *See* DE #21 (Transcript of Rearraignment). The District Court dismissed the second count, upon motion by the United States. *See* DE #25 (Minute Entry for Sentencing). By Judgment entered on April 12, 2005, the District Court sentenced Movant to 188 months, with recommendations for an intensive drug-treatment program and designation to the qualifying facility nearest Jones's home, plus a $100 fee. *See* DE #28 (Judgment). Jones filed no direct appeal.

On July 10, 2009, Movant filed his section 2255 Motion. *See* DE #35. He based the Motion on a United States Supreme Court case, *Begay v. United States*, 128 S. Ct. 1581 (2008), which was decided on April 16, 2008, almost a year and two months prior to the section 2255 filing.

## II. ANALYSIS

Jones indicated no challenge to the Court's timeliness calculations and instead elected solely to provide information that he believes to support equitable tolling.[1] *See* DE #38. This information includes the number and locations of transfers Movant experienced during the interim between *Begay*'s release and the motion, as well as disclosure of prescription medications being taken by Movant.[2] For the reasons detailed below, the Court finds equitable

---

[1] Because Movant elected not to challenge the Court's calculations under the statute of limitations, this Recommended Disposition focuses solely on equitable tolling. The Court's previous Order (DE #36) provided a brief statute-of-limitations calculation. In essence, Jones had, at best, one year from the issuance of *Begay*, the Supreme Court opinion upon which he relies. *See* 28 U.S.C. § 2255(f)(3). However, in his section 2255 motion, Jones conceded that the opinion "had been out . . . one year and two weeks" when he first read it. *See* DE #35 at 12. The Court did not perform a full retroactivity analysis. *See* DE #36 at 3 n.3.

[2] Out of respect for Movant's privacy, the Court refers to the medications generally, rather than specifically identifying them.

tolling here inapplicable.

The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). In evaluating whether to toll the AEDPA limitation period, the Supreme Court has remarked, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). To this end, the Sixth Circuit considers the following five factors: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement to file the claim. *See Allen*, 366 F.3d at 401. Courts also evaluate a case for the existence of "extraordinary circumstances" sufficient to warrant equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003).

Based on the information in Jones's motion, as well as his supplemental filing, no adequate cause supports equitable tolling of the statute of limitations. Movant indicates no lack of real or constructive knowledge of the filing requirement. In fact, Jones openly admits only that he discovered the *Begay* decision "one year and two weeks" after its release. *See* DE #35 at 12. According to Movant, he heard about *Begay* from other inmates and only then began pursuing his Motion. *See* DE #38 at 2. Jones had not been diligently working on a Motion or actively following changes in the law. While Movant understandably experienced some institutional

3

reacclimation with each move, *see id.* at 1, such time cannot equitably toll the statute of limitations, which began ticking, at best, when the Supreme Court issued the *Begay* decision and never stopped ticking during any of Movant's custodial changes. *See* DE #36 at 2-3 (outlining statute of limitations calculations). Changing institutional settings and taking the prescription medications identified certainly do not constitute "extraordinary circumstances" here, where no evidence in the record indicates that either prevented Jones from pursuing his legal rights. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (discounting "being transferred from one prison to another" as partial basis for equitable tolling), *overruled on other grounds, Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001); *Frazier v. Moore*, No. 2:05-CV-1112, 2006 WL 3146436, at *8-*9 (S.D. Ohio Oct. 31, 2006) (unpublished) (discounting medical allegations as basis for equitable tolling without proof that condition prevented assertion of rights). This record does not support equitable tolling.

### III. RECOMMENDATION

For these reasons, the Court **RECOMMENDS** that the District Judge **DISMISS** Jones's Motion as time-barred.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within ten days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court

of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 19th day of November, 2009.

Signed By:
Robert E. Wier
United States Magistrate Judge