UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) | Criminal Action No. 6: 04-70-DCR |
| V. | ) ) | Civil Action No. 6: 09-7082-DCR |
| RICKY JONES, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant/Petitioner. | ) | |

*** *** *** ***

Petitioner filed a notice of appeal on February 1, 2010. [Record No. 44] However, unless a certificate of appealability is issued, a petitioner may not take an appeal from the final order denying § 2255 relief. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). This matter is pending for consideration of issuing Jones a Certificate of Appealability. Such a certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). In the present case, the Petitioner has not made a substantial showing of a denial of a constitutional right and a Certificate of Appealability will not be issued.

Jones entered a guilty plea to possession of a firearm and ammunition by a convicted felon. Because he was found to have three prior violent felony convictions, Jones was sentenced pursuant to the Armed Career Criminal Act and received a term of imprisonment of 188 months. Jones did not file a direct appeal following the Court's imposition of his sentence on April 11, 2005. Instead, on July 10, 2009, he filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Jones argues that, by virtue of the 2008 Supreme Court decision in *Begay*, he was improperly classified as an Armed Career Criminal at the time of sentencing. *Begay v. United States*, 553 U.S. 137 (2008) (holding that a New Mexico state conviction for driving under the influence of alcohol was not a violent felony within the meaning of the Armed Career Criminal Act). Thus, he contends that his sentence was incorrectly enhanced under 18 U.S.C. §924(e)(1). [Record No. 616]

On November 19, 2009, the Magistrate Judge issued his Recommended Disposition of the matter, recommending that Jones' § 2255 motion be dismissed as time-barred. [Record No. 39] Jones filed timely objections to the Magistrate Judge's Recommended Disposition. [Record No. 42] On January 4, 2010, this Court denied Jones' motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255 because his claim was time-barred, equitable tolling did not apply, and *Begay v. United States*, 553 U.S. 137 (2008) did not apply retroactively. [Record No. 43] Jones' habeas petition argues that he was improperly classified as an Armed Career Criminal at the time of sentencing. The petition does not make an argument that Jones was denied a constitutional right. 28 U.S.C. § 2253(c)(2). In addition, the petition was dismissed as untimely, which is not protected under the constitution. Accordingly, it is hereby

**ORDERED** as follows:

1.   Petitioner Ricky Jones' request for issuance of a certificate of appealability is **DENIED**.

2.   The Clerk of this Court is directed to send a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

This 11th day of February, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge